UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
JIM HASSAN,

                Plaintiff,

         - against -

MAERSK LINES, LTD.,

                Defendant.
- - - - - - - - - - - - - - - - - - X

ORDER

CV 2003-5443 (ILG)(MDG)

By letter dated August 30, 2005 (ct. doc. 34), John J. Walsh, counsel for defendant Maersk Line, Ltd., seeks an extension of the deadline for service of defendant's liability expert disclosures and reports from July 1, 2005 to August 19, 2005. Plaintiff's counsel objects to any extension beyond the two weeks previously accorded plaintiff.

## DISCUSSION

In Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000), the Second Circuit set forth four factors a trial court must consider in evaluating a party's request made after the close of discovery to introduce an expert witness at trial. These factors are: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Wolak, 217 F.3d at 161 (citing Sofitel, Inc. v. Dragon Medical and Scientific Commc'n, Inc., 118 F.3d 955, 961 (2d Cir. 1997), cert. denied, 523 U.S. 1020 (1998)).

The first factor weighs against extension, since defendant had the obligation to comply with the deadline set or seek an extension in a timely fashion, irrespective of any extension granted to the plaintiff. However, the Court disagrees with plaintiff's characterization that the report is "very late" and finds that this factor weighs only slightly in favor of plaintiff.

Next, the Court finds that expert testimony is of importance to defendant. Since liability is hotly contested here and plaintiff will have his own expert, the prejudice to defendant would be substantial if it were deprived of its right to present an expert to counter plaintiff's. On the other hand, since the parties had proceeded with the expectation that each side would have a liability expert, this Court finds that any prejudice to plaintiff would be minimal, if at all. The question of liability is based on the same facts elicited through fact discovery that was completed shortly before the deadlines for expert reports and plaintiff's expert report was due before defendant's. The opinions of plaintiff's expert would remain the same had reports been exchanged on the same date. Contrast Sofitel, 118 F.3d 955 (prejudice in having had to proceed through discovery without the plaintiff's expert report in complex infringement case where the defendant faced a completely new theory of liability with the contemplated expert testimony).

Finally, as the joint pretrial order has not been completed and no trial date set, the fourth factor weighs in favor of an extension.

In sum, the relevant factors weigh in favor of an extension.

## CONCLUSION

Defendant is given leave, <u>nunc</u> <u>pro</u> <u>tunc</u>, to serve his expert report but must provide "the data or other information considered by the witness in forming [his] opinions..." Fed. R. Civ. P. 26(b)(2)(B). Such information must be provided by September 23, 2005.

**SO ORDERED.**

Dated: Brooklyn, New York
September 9, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE